# BROOKLYN CITY COURT.

## RUSSELL agt. WEINBERG *et al.*

*Surety — when not liable for deficiency arising from foreclosure of mortgage.*

Where the defendant McC., after making the mortgage in suit, conveyed the mortgaged premises to defendant W., she assuming the payment of the mortgage, and upon the maturity of the bond and mortgage, McC. having come into the position of surety, requested the plaintiff (the mortgagee) to proceed immediately to foreclose and collect the debt; the plaintiff neglected for a year to commence his suit, and the proof showed that although the premises were of sufficient value to pay the mortgaged debt and costs of foreclosure at the time the request was made, they have since so far depreciated as to make it altogether probable that there will be a deficiency after applying the proceeds of the sale:

*Held*, that McC., occupying the position of surety, should not be made liable for any deficiency arising upon such foreclosure and sale

*Special Term, August*, 1877.

*Rufus L. Scott*, for plaintiff.

*Roger H. Lyon*, for defendant McCrum.

REYNOLDS, *J.* — The defendant McCrum, after making the mortgage in suit, conveyed the mortgaged premises to defendant Weinberg, she assuming the payment of the mortgage. Upon the maturity of the bond and mortgage, McCrum having then come into the position of surety, requested the plaintiff (the mortgagee) to proceed immediately to foreclose and collect the debt, on the ground that the premises, which were then sufficient to satisfy the mortgage, might depreciate

Russell agt. Weinberg *et al.*

so as to become an inadequate security. The plaintiff neglected for a year to commence his suit, and the proof now shows that although the premises were of sufficient value to pay the mortgaged debt and costs of foreclosure at the time the request was made, they have since so far depreciated as to make it altogether probable that there will be a deficiency after applying the proceeds of the sale. The question is, whether the defendant McCrum should be made liable for such deficiency.

The rule seems to be, that if the creditor omits to do an act, on the requirement of the surety, which equity and his duty to the surety enjoins on him to do, and the surety is injured by the omission, the latter ought not to be held. That duty enjoins upon the creditor to enforce payment from the party primarily liable; and if being requested by the surety to collect the debt, when it is collectible from such party, by measures of active diligence, the creditor refuses or neglects to do it until it becomes uncollectible from the principal, such conduct ought to be a defense in equity to any suit brought against the surety to charge him with the payment of the debt. But failure on the part of the creditor to comply with the request of the surety to enforce payment of the debt will not exonerate the surety unless it result in actual injury to him, and then only to the extent of such injury. The solvency of the debtor or the sufficiency of the fund at the time when the request to collect was made, and subsequent insolvency or insufficiency, are essential parts of the defense of the surety, and must be alleged and proven by him (*Thomas on Mortgages*, 70, 71; *Remsen* agt. *Beekman*, 25 *N. Y.*, 552).

Plaintiff claims, however, that defendant McCrum has not brought himself within the rule releasing sureties, he not having shown that the defendant Weinberg is insolvent; and that as it does not appear but that plaintiff may be able to collect any deficiency out of her, defendant McCrum is not shown to have sustained any injury from the plaintiff's delay.

The answer to this is, that if it turns out that the deficiency can be collected from Weinberg, it will be the duty of the plaintiff to so collect it, and in that case there is no occasion for a decree holding the defendant McCrum; but if it cannot be collected from Weinberg, and the defendant McCrum should be made liable, he would be thereby damnified, through the plaintiff's neglect, to the precise extent of the payment which he would thus be compelled to make. The mortgage having been collectible out of the property when the surety requested its collection, he ought not now to be called upon to make up for the subsequent depreciation of the property, and, therefore, there should not be any such direction against him in the judgment. Such direction, if effectual, would compel him to meet a deficiency which would not have existed if the creditor, the plaintiff, had complied with his reasonable request.

There must be judgment for a sale of the premises, and making the defendant Weinberger liable for any deficiency.